**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4373**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PATRICIA POE,

Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Elkins.  John Preston Bailey,
Chief District Judge.  (2:09-cr-00015-REM-JSK-1)

Submitted:  September 3, 2010      Decided:  September 22, 2010

Before SHEDD and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Brendan S. Leary, Assistant Federal Public Defender, Wheeling,
West Virginia, for Appellant.  Andrew Cogar, Assistant United
States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patricia Poe appeals her conviction and twenty-one month sentence for one count of bank fraud in violation of 18 U.S.C. § 1344 (2006). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether the district court erred in accepting Poe's guilty plea. Poe was notified of her right to file a pro se supplemental brief, but has not done so. The Government has moved to dismiss, arguing the appeal is precluded by the appellate waiver in Poe's plea agreement. We grant the motion in part, dismiss in part, and affirm.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will uphold the waiver of appellate rights if the waiver is valid and the issue on appeal is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United

2

States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of her right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. Id.; United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

We have reviewed the record and find that the guilty plea, including the appellate waiver, was knowing, voluntary, and supported by an adequate factual basis. The appeal waiver only applies, however, to appeals taken from a sentence based upon a total offense level of sixteen or lower. Because Poe's sentence was calculated based upon a total offense level of sixteen, the motion is granted to the extent that Poe's appeal seeks review of her sentence. However, to the extent the Anders brief requires review of non-sentencing issues, the appeal is not precluded by the terms of the appellate waiver to which Poe agreed.

Because Poe did not move in the district court to withdraw her guilty plea, the Rule 11 proceeding is reviewed for plain error, United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002), which exists when an error occurs, is plain, and affects a defendant's substantial rights. United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Poe makes

this showing, "correction of the error remains within [this court's] discretion, which [it] should not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks, alteration, and ellipsis omitted).

Our review of the record leads us to conclude that the district court fully complied with the requirements of Rule 11. Its examination of Poe was thorough and the court went to great lengths to ensure the plea was knowing and voluntary. In short, the court did not err, let alone plainly so, in accepting Poe's plea.

We have reviewed the entire record in this case in accordance with Anders and we find no meritorious issues for appeal. Accordingly, we grant in part the Government's motion to dismiss, and affirm in part. This court requires that counsel inform Poe, in writing, of her right to petition the Supreme Court of the United States for further review. If Poe requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Poe. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u><br>
<u>AFFIRMED IN PART</u>